Ex parte Gandía.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 130.—Resuelto en abril 7, 1904.

Testamentos—Condición.—Las disposiciones testamentarias a título universal o particular, pueden hacerse bajo condición, la que se regirá por las reglas establecidas para las obligaciones condicionales, en todo aquello que no estuviere previsto en la ley que trata de las instituciones de herederos.

Obligaciones Condicionales—Adquisición y Resolución de Derechos.—En toda obligación condicional la adquisición de los derechos, así como la pérdida o resolución de los adquiridos, dependerá del acontecimiento que constituya la obligación.

:226

## EXPOSICIÓN DEL CASO.

En los autos seguidos en la Corte del Distrito de Mayagüez a instancia de Doña Antonia Gandía y Castellón, sobre prevención del juicio testamentario de Don Vicente Carreras y Grimaldi, pendientes antes nos a virtud del recurso de apelación interpuesto por la representación de la promovente contra la sentencia dictada por la referida corte de distrito, que copiada a la letra dice así:

"*Resultando:* que Don Vicente Carreras y Grimaldi falleció en esta ciudad el 22 de febrero de 1900, bajo disposición testamentaria otorgada el 18 de febrero de 1900, ante el notario de esta ciudad Don Alfredo Arnaldo y Sevilla, por la que, en la cláusula 4ª. del testamento, instituye herederos a sus hermanos Don Carlos y Doña Rosa Carreras y Grimaldi, haciéndose constar en la cláusula 7ª., en el caso de que su hermana fallezca antes que su hermano, queria que lo que en el testamento le dejaba, pasase a su dicho hermano, y que, ocurrido el fallecimiento de éste o de aquélla, si falleciese antes que su hermano, pasase esta parte de sus bienes íntegramente a Doña Antonia Gandía Castellón, a quien nombraba heredera, en este concepto.

"*Resultando:* que el abogado Don Fernando Vázquez en nombre de esta última señora, o sea Doña Antonia Gandía Castellón, solicitó la prevención del juicio voluntario 'de testamentaría de Don Vicente Carreras y Grimaldi, fundándose en que la solicitante había sido (*) instituída heredera, para después de la muerte de sus hermanos Don Carlos y Doña Rosa instituídos herederos usufructuarios en la mencionada cláusula 7ª. del testamento, a cuya pretensión se opuso el tribunal, recurriendo contra la providencia el abogado Don Fernando Vázquez, en el escrito que precede.

"*Considerando:* que las disposiciones testamentarias tanto a título universal como particular, pueden hacerse bajo condición, y ésta, en lo que no estuviere prevenido en la ley que trata de la institución de herederos, se regirá por las reglas establecidas para las obligaciones condicionales.

"*Considerando:* que según el artículo 1081 del Código Civil, en las obligaciones condicionales, la adquisición de los derechos, así como la resolución o pérdida de los ya adquiridos dependerá del acontecimiento que constituya la condición.

"*Considerando:* que el nombramiento de heredero a favor de Doña Antonia Gandía, está subordinado al fallecimiento de Don Carlos y Doña Rosa Carreras, circunstancias que no se ha acreditado.

Vistos los artículos 778, 779, y siguientes del Código Civil, hasta el 794.

"Se declara no haber lugar a la reposición que se solicita y se confirma en todas sus partes la providencia de 16 de septiembre pasado."

*Resultando:* que contra esta sentencia interpuso apelación la representación de la promovente, y admitido el recurso se elevaron los autos a esta superioridad con citación y emplazamiento de las partes; y personada la apelante, y sustanciado en forma el recurso, se señaló día para la vista con citación de las partes, a cuyo acto no asistió el abogado de la parte apelante.

Abogado del apelante: *Sr. Fernando Vázquez.*

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistos* los artículos 778 a 794 y el artículo 1081 del Código Civil. (*)

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, con las costas a la apelante.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.